DREW, J.
 

 11Tiffany Johnson entered a plea of guilty to aggravated second degree battery. She was sentenced to five years at hard labor. She now appeals, predicated upon the trial court’s failure to properly consider her claim of self-defense and upon her receipt of an excessive sentence. We affirm in all respects.
 

 FACTS
 

 Appellant was involved in a fight with Anntarri Vinson over Labroderick Wilson. Johnson and Vinson had a confrontation and began fighting in the CVS Pharmacy parking lot on East Texas Street in Bossier City. At some point Johnson pulled out a knife and stabbed Vinson multiple times in the face, upper chest, and hands. An officer stopped the fight. Vinson was taken to LSU Medical Center, where she spent three days being treated for the wounds and for internal bleeding. Vinson has several scars including a prominent scar on her cheek. Her medical bills were $8,727.40, of which she paid $800 out of her pocket.
 

 The original bill of information charged Johnson with attempted second degree murder. The charge was later amended down to aggravated second degree battery. La. R.S.14:34.7. In full compliance with
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), she entered her plea, subject to a presentence investigation report.
 

 A sentencing hearing was held on May 19, 2009. The trial court informed Johnson of the considerations it took when determining her sentence, including:
 

 • the physical and economic harm the victim suffered;
 

 12* Johnson’s age (22 years old when the incident occurred);
 

 • Johnson’s clean criminal record; and
 

 • the fact that she had a job and was working on her GED.
 

 The court carefully reviewed La. C. Cr. P. art. 894.1. In particular, it stated that:
 

 • the crime caused significant permanent injury to the victim;
 

 • a dangerous weapon was used in the crime;
 

 • there were no grounds to justify or excuse this crime;
 

 • it reviewed letters from Johnson’s mother and pastor;
 

 • it was troubled by this crime, but the victim was seriously injured;
 

 • the victim wanted Johnson to receive the maximum sentence;
 

 • although the two young people were engaged in a fight, Johnson went too far when she pulled out a knife; and
 

 • a lesser sentence would deprecate the seriousness of the offense.
 

 On June 17, 2009, the defense filed a motion to reconsider the sentence and requested that consideration be given to the fact that the defendant was acting in self-
 
 *1126
 
 defense. On July 15, 2009, the motion to reconsider the sentence was denied. The appeal was then filed.
 

 DISCUSSION
 

 The defendant’s first assignment of error is that the trial judge did not fully consider her claim of self-defense, which would have been her argument had the case gone to trial. According to the defendant, the facts show that the victim was the aggressor, and that after the fight, the victim got a knife. Defendant refers the court to La. C. Cr. P. art. 894.1.
 

 _[oLa. C. Cr. P. art. 894.1 pertinently states:
 

 A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
 

 * * *
 

 (8) A lesser sentence will deprecate the seriousness of the defendant’s crime.
 

 B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
 

 [[Image here]]
 

 (9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
 

 (10)The offender used a dangerous weapon in the commission of the offense.
 

 [[Image here]]
 

 (24) The defendant acted under strong provocation.
 

 (25) There were substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense.
 

 (26) The victim of the defendant’s criminal conduct induced or facilitated its commission.
 

 La. R.S. 14:34.7(B) pertinently states:
 

 Whoever commits the crime of aggravated second degree battery shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both.
 

 There are no facts which support the claim of self-defense in the record or in the PSI. Further, even if there were, La. C. Cr. P. art. 894.1 clearly states that no single factor is dispositive. Therefore, this assignment is without merit.
 

 Her second assignment is that the defendant’s sentence is excessive. She argues that she is a first offender and a responsible member of society who showed remorse by apologizing in court, though her actions were in self-defense.
 

 |4Our law relative to the review of exces-siveness claims is well settled.
 
 [1]
 

 The trial court in this case clearly took cognizance of La. C. Cr. P. art. 894.1,
 
 *1127
 
 noting that the crime caused significant permanent injury and economic loss to the victim. A dangerous weapon was used to commit the crime. There were no grounds to justify or excuse this crime.
 

 The defendant was initially charged with attempted second degree murder, a crime with an exposure of 10 to 50 years at hard labor, without benefits. The aggravated second degree battery guilty plea exposed the | sdefendant to 15 years, with or without hard labor. This benefit alone is significant. The five years at hard labor is one-third of the maximum possible penalty. This low range sentence is not disproportionate when considering the seriousness of the crime.
 

 DECREE
 

 For the foregoing reasons, the defendant’s sentence and conviction are AFFIRMED.
 

 [1]
 

 . The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982); St
 
 ate v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 2008-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be con
 
 *1127
 
 sidered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Also, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 92-3120 (La.9/10/93), 623 So.2d 1276. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State
 
 v.
 
 Lobato,
 
 603 So.2d 739 (La.1992). A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792,
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.