Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,409-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

DARON DEJUAN ADAMS                                    Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 93787

Honorable Michael Nerren, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

J. SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

HUGO A. HOLLAND, JR.
JOHN M. LAWRENCE
Assistant District Attorneys

* * * * *

Before MOORE, PITMAN, and STONE, JJ.

**PITMAN, J**.

Defendant Daron Dejuan Adams pled guilty to aggravated second degree battery and was sentenced to nine years at hard labor.  He now appeals, arguing that his sentence is excessive.  For the following reasons, Defendant's conviction and sentence are affirmed.

## FACTS

On April 20, 2018, Defendant shot the victim, Sharman Shehee, in the head with a handgun.  He was originally charged by bill of information with attempted second-degree murder.  However, on April 8, 2019, the state amended the bill; and he pled guilty to the reduced charge of aggravated second-degree battery, a violation of La. R.S. 14:34.7.  There was no agreement as to sentencing.

On June 28, 2019, after reviewing a presentencing investigation ("PSI") report, the trial court sentenced Defendant to nine years at hard labor.  Defendant filed a motion to reconsider sentence, noting that he was only 20 years old at the time of the offense and had no criminal history.  The trial court denied the motion without a hearing.  This appeal followed.

## DISCUSSION

On appeal, Defendant contends that the trial court abused its discretion in imposing an upper-range sentence on him, a youthful, first offender.  He claims that his impulsive act in shooting the victim was partially the product of his youth and resulted from circumstances that are unlikely to recur.  He argues that this was a private incident which did not cause a threat or risk to the general public.  He notes that he has accepted responsibility and is remorseful and argues that based on sentences in similar cases, a sentence of five to seven years is the highest sentence supported by

the facts of this case. *See State v. Johnson*, 45,111 (La. App. 2 Cir. 4/14/10), 34 So. 3d 1124 (affirming a five-year sentence for a defendant who stabbed victim multiple times in the face, upper chest and hands after an altercation; defendant, who was originally charged with attempted second degree murder, was 22 years old, employed and had no criminal history); *State v. Shabazz*, 14-0431 (La. App. 1 Cir. 11/7/14), 167 So. 3d 725 (affirming a seven-year sentence for a defendant who stabbed victim in the neck with a cheese knife; defendant was a fourth-felony offender, was in the process of obtaining an associate's degree, employed, a parent and served as a Mason).

In response, the state argues that Defendant's sentence is not excessive and that the trial court, in imposing sentence, provided reasons and balanced the circumstances of this case, his background and the need for public safety.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should

2

be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. DeBerry*, *supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So.3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, an appellate court does not determine whether another sentence may have been more appropriate,

but whether the trial court abused its discretion. *State v. Jackson*, 48,534 (La. App. 2 Cir. 1/15/14), 130 So. 3d 993.

A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. *State v. Mendenhall*, 48,028 (La. App. 2 Cir. 5/15/13), 115 So.3d 727. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. *State v. Givens*, 45,354 (La. App. 2 Cir. 6/23/10), 42 So. 3d 451, *writ denied*, 10-1584 (La. 1/14/11), 52 So. 3d 902.

La. R.S. 14:34.7(C) provides that whoever commits the crime of aggravated second-degree battery shall be fined not more than $10,000 or imprisoned, with or without hard labor, for not more than 15 years, or both.

The trial court did not abuse its discretion in sentencing Defendant to nine years at hard labor. At the sentencing hearing, the trial court considered the PSI report and provided detailed reasons for the sentence imposed. It stated that Defendant had received a substantial benefit in sentencing as a result of the plea agreement, and noted that he had originally been charged with attempted second-degree murder. It also noted Defendant's remorse and found that he had taken responsibility for his actions. The victim was not present at the sentencing hearing, but provided a statement for the PSI report. The victim has significant medical issues as a result of the offense and asked the trial court to impose a maximum sentence. Although Defendant has no prior criminal history, the trial court

4

noted the serious nature of the instant charge and stated that Defendant was fortunate he was not facing a murder charge.

In reviewing Defendant's personal history, the trial court noted that he was 20 years old, has never been married and has two children—a three-year-old son and a one-year-old daughter. He was born in Minden, but both of his parents died when he was young, so he was raised by his paternal grandmother in Bossier City. At some point, he moved back to Minden to live with his cousins. He was expelled from school in ninth grade for fighting. He never returned to school and did not obtain a GED. He has held one job, but lost it due to difficulty finding transportation. The trial court also noted that he admitted he started using marijuana at the age of 15.

Although the trial court did not specifically articulate the La. C. Cr. P. art. 894.1 factors it considered in imposing Defendant's sentence, the reasons stated by the trial court, the record and the PSI report provide an adequate factual basis for the sentence imposed. The trial court balanced the serious facts of this case and the damage to the victim against his relatively young age and lack of criminal history. Further, the midrange sentence is not constitutionally excessive. Defendant, who was "clearly the aggressor" in the altercation, shot the victim in the head. Considering the facts of this case and the benefit he received from the plea agreement and reduced sentencing exposure, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Daron Dejuan Adams are affirmed.

**AFFIRMED.**