_JjPEATROSS, Judge.
Defendant, John E. Kennon, was charged with two counts of DWI, third offense, in violation of La. R.S. 14:98, and pleaded guilty to one count of DWI, third offense, and one count of DWI, second offense. Defendant was sentenced to the maximum term allowable, five years at hard labor, under La. R.S. 14:98, for the felony conviction of third offense DWI. On the misdemeanor conviction of second offense DWI, Defendant was sentenced to six months at hard labor to run concurrent with the sentence for the third offense DWI conviction. Defendant asserts that the five-year sentence for the third offense DWI is constitutionally excessive. For the reasons stated herein, we affirm.

DISCUSSION

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Defendant concedes, and the record shows, that the trial court complied with this requirement.
The second prong is whether the sentence imposed is too severe and depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light *161 of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345. In selecting a proper sentence, the trial court is not limited to considering only the defendant’s prior convictions, but may properly review all prior criminal activity. State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
Defendant argues that, since the record does not reflect a long history of convictions other than the predicate offenses of DWI, and because no one was injured during the course of his prior DWI offenses, the maximum sentence of five years is not justified. Defendant maintains that he is not among the most blameworthy DWI offenders and, therefore, should not have received the maximum allowable sentence, especially without benefit of probation, parole or suspension of sentence. He further submits that the requirement that he successfully complete the Blue Walters substance abuse program will insure that he will be adequately rehabilitated during his incarceration. While we agree that the completion of the Blue Walters program is indeed a critical part of Defendant’s rehabilitation, on this record, we cannot say the term of incarceration imposed by the trial court is constitutionally excessive.
The trial court ordered a pre-sentence investigation report (“PSI”), which it reviewed prior to imposing sentence. The trial court specifically noted Defendant’s long history of “difficulties with the authorities” and substance and alcohol abuse. Additionally, the trial court noted that Defendant comes from a prominent family and has had “every chance in the world to reform and do something” about his problem.
Additionally, Defendant was allowed to enter the responsive plea of guilty to second offense DWI, a misdemeanor, rather than be convicted of two counts of | sfelony, third offense DWI, which reduced his sentencing exposure. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
Simply put, we cannot say that five years imprisonment without benefit for this repeat DWI offender is grossly disproportionate to the crime or shocks the sense of justice.[1]

CONCLUSION

For the reasons stated herein, Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. We believe it appropriate to note that our review of the record reveals several deficiencies in the trial court's advice to Defendant during the guilty plea. The trial court failed to advise Defendant of the mandatory minimum sentence; failed to advise Defendant of the mandatory sentence without benefits; failed to advise Defendant properly as to the maximum sentences and failed to properly advise Defendant as to the enhanced penalties for subsequent offenses. La.C.Cr.P. art. 556.1. Since, however, these deficiencies were not assigned as error on appeal, they may not be considered by this court. See State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158 (holding that violations of La.C.Cr.P. art. 556.1 are not subject to error patent review and, therefore, must be assigned as error on appeal; if no such assignment is made, the appropriate remedy is through post-conviction relief proceedings).