PITMAN, J.
| defendant, Eric Craig Scoggins, appeals as excessive his sentences for aggravated flight from an officer, resisting an officer and speeding, and the imposition of those sentences consecutively. For the following reasons, we affirm.

FACTS

On June 16, 2012, Defendant was riding his motorcycle in Webster Parish at 66 m.p.h. in a 45-m.p.h. speed zone. Officer Williams of the Springhill Police Department observed Defendant exceeding the *278 speed limit and attempted to stop him by-pursuing him with sirens and flashing lights, but Defendant increased his speed to 90 m.p.h. in the 45-m.p.h. zone and refused to stop. Defendant weaved in and out of traffic while the officer pursued and attempted to stop him.
Ofc. Williams was finally able to get in front of Defendant’s motorcycle and force him to the side of the road, at which time Defendant dismounted the motorcycle and attempted to run away. Ofc. Williams chased, caught and arrested him.
Defendant was charged with aggravated flight from' an officer, a violation of La. R.S. 14:108.1; resisting arrest, a violation of La. R.S. 14:108; and reckless operation of a vehicle, i.e. speeding, a violation of La. R.S. 14:99. He was also charged with other crimes which were eventually nolle prosequied.
Defendant pled guilty to the three crimes, and the state agreed not to file a multi-bill against him. In addition, the state agreed to nolle prosequi the remaining charges. No agreement was made with regard to the ^sentences to be imposed. A presentencing investigation report was ordered, which revealed that Defendant had an extensive juvenile criminal history and had been convicted of simple burglary, as well as other crimes, as an adult. The PSI also indicated that Defendant had been placed on supervised probation for the burglary offense and that his probation had been revoked.
At sentencing, the trial court considered the information contained in the PSI, including Defendant’s social, educational and family history, as well as other factors set forth in La. C. Cr. P. art. 894.1. The trial court considered a letter written by Defendant’s sister, who claimed that Defendant had mental health issues, but refused to take his medication. Defendant was sentenced to the statutory maximum sentence, two years, for aggravated flight from an officer, the maximum of six months for resisting an officer, and to 30 days for speeding, with the sentences to run consecutively.
Defendant filed a motion to reconsider sentence, asking only that the sentences be reviewed and that they be ordered to be served concurrently. The motion to reconsider sentence was denied. Defendant appealed.

DISCUSSION

Defendant argues that the maximum sentence of two years at hard labor and the consecutive nature of the sentences for resisting arrest and speeding are unconstitutionally harsh and excessive. He states that he took responsibility for his actions when he pled guilty and explained he believed he was needed to take care of his grandmother. He also argues that if his lasister’s statements that he has mental health issues are to be believed, he should be receiving help rather than jail time.
The state argues that the sentences are not unconstitutionally excessive, are within the statutory guidelines and are appropriate for the crimes committed by Defendant.
La. R.S.14:108.1, which concerns flight from an officer and aggravated flight from an officer, states in pertinent part as follows:
A. No driver of a motor vehicle or operator of a watercraft shall intentionally refuse to bring a vehicle or watercraft to a stop knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as *279 a police vehicle or marked police watercraft.
B. Whoever commits the crime of flight from an officer shall be fined not less than one hundred fifty dollars, nor more than five hundred dollars, or imprisoned for not more than six months, or both.
C. Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop ..., under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.
[[Image here]]
E. Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than two years and may be fined not more than two thousand dollars.
La. R.S.14:99 concerns reckless operation of a vehicle and states that whoever commits the crime shall be fined not more than $200, or imprisoned for not more than 90 days, or both.
14A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,-633 (La.App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 10-2853 (La.11/18/11), 75 So.3d 454. The important elements that should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), pri- or criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has broad discretion in sentencing offenders.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Dubose, 48,501 (La.App.2d Cir.11/20/13), 128 So.3d 613; State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90.
| sWhen a defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single cause of conduct are not mandatory, and it is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. A judgment directing that sentences arising-from a single course of conduct be served consecutively requires particular justification from the evidence or record. When *280 consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Banks, 48,868 (La.App.2d Cir.2/26/14), 134 So.3d 1235.
Among the factors to be considered are the defendant’s criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant’s rehabilitation and whether defendant has received a benefit from a plea bargain. State v. Banks, supra.
At the sentencing hearing, the trial court considered the PSI, which included the fact that Defendant reached speeds of 110 m.p.h. on his motorcycle during the police chase. The trial court also noted that Defendant passed vehicles in no passing zones and ran red lights to avoid the officers chasing him. Thus, the trial court found that Defendant had | ¿¡placed the public and the arresting officer in harm’s way during his attempted escape from the police.
The trial court also reviewed Defendant’s criminal history, as well as his social, family and educational histories. It considered the guidelines provided in La. C. Cr. P. art. 894.1 and adequately articulated its reasons for the consecutive imposition of the maximum sentences.
Considering the foregoing, we find no abuse of discretion in the sentences imposed by the trial court. The reasons for imposition of the consecutive sentences were clearly articulated and the sentences are within the statutory guidelines. The sentences are neither grossly disproportionate to the severity of the crimes Defendant committed, nor do they shock the sense of justice or serve no purpose other than to inflict pain and suffering. In conclusion, the sentences and the consecutive nature of the sentences are not unconstitutionally harsh or excessive. Therefore, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the convictions and sentences of Eric Craig Scoggins are affirmed.
AFFIRMED.