LOLLEY, J.
| j This criminal appeal arises from the 26th Judicial District Court, Parish of Webster, State of Louisiana. The defendant, Andrew DeBerry, pled guilty to attempted manslaughter, illegal possession of stolen things valued at greater than $1,500.00, and aggravated flight from an officer. He was subsequently sentenced for the convictions as follows: 19½ years at *659 hard labor for attempted manslaughter; 5 years at hard labor for possession of stolen things; and, 1 ½ years at hard labor for aggravated flight from an officer. The sentences were ordered to run concurrently to one another. DeBerry now appeals, alleging that his 19½ year hard labor sentence is excessive. For the following reasons, DeBerry’s convictions and sentences are affirmed.
Facts
Andrew DeBerry was charged by bill of information -with attempted first degree murder of a police officer, illegal possession of stolen things valued-at $1,500.00 or more, aggravated flight from officer where human life is- endangered, and resisting a police officer with force or violence. Pursuant to the terms of the .plea agreement with the state, DeBerry agreed to plead guilty to attempted manslaughter (a violation of La. R.S. 14:27 and La. R.S. 14:31), illegal possession of stolen things valued over $1,500.00 (a violation of La. R.S. 14:69(B)(1)), and aggravated flight from a police officer (a violation of La. R.S. 14:108.1). The state nol prossed DeBer-ry’s charge of resisting an officer. The plea deal further provided that DeBerry would receive concurrent sentences after a presentence investigation (“PSI”) was conducted, and the state agreed not to charge him as a habitual | ^offender. DeBerry was advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Thereafter, the state recited the factual basis for the charges, explaining that on August 13, 2014, DeBer-ry led police on a high speed pursuit from Bossier Parish into Webster Parish, Louisiana. During the chase, he drove a stolen vehicle squarely in the direction of Louisiana State Trooper Chuck Partin, putting Trooper Partin in great fear and danger for his life and safety. DeBerry agreed with the facts as presented by the state, and the trial court accepted his guilty plea.
Subsequently, DeBerry’s sentencing hearing, was conducted. ■ The trial court noted that in Texas he had a significant juvenile record, had been convicted of felony sexual assault as an adult, and had several other charges pending, including burglary of an inhabitation. The trial court discussed DeBerry’s social, educational and work history. The defendant claimed to suffer from a substance abuse problem. The trial court specifically noted its consideration of DeBerry’s youthfulness and the applicable sentencing factors set forth in La. C. Cr. P. art. 894.1. The trial court explained that the defendant had stolen the vehicle used during the chase, a Ford F-350 truck, from a man in Oklahoma, and during the pursuit he dangerously was weaving in and out of traffic on 1-20. Given DeBerry’s criminal history, the significant benefit he received by pleading guilty, and the fact that his actions needlessly endangered human life, the trial.court sentenced him for the following convictions: 19½ years at hard labor for attempted manslaughter; 5 years at hard labor for illegal possession of stolen things; |aand, 1½ years at hard labor for aggravated flight from an officer. The sentences were all to be served concurrently.
In response, DeBerry filed a motion to reconsider his sentences arguing that his 19½ — year sentence for attempted manslaughter was excessive because the victim was not injured. He also claimed that the trial court placed insufficient weight on his youthful age. The motion was denied. DeBerry now appeals.
DISCUSSION
DeBerry raises two assignments of error, both related to his sentence. He contends that his 19]/¿-year hard labor sentence, imposed for his attempted man *660 slaughter conviction, i& excessive.. In support of his position, DeBerry points out that he. was only 17 years old at the time of the crimes and that he was high on drugs during the entire episode. Furthermore, he argues that the police officer who was the subject of the attempted manslaughter was not actually injured. DeBerry claims that due to his age, and the fact that these types of high speed chases are commonly shown on television, he did not comprehend the deadly nature of his actions. We disagree.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. . 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297; The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its ‘ provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than, a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it Lshocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Woods, 41,420 (La.App.2d Cir.11/01/06), 942 So.2d 658, writ denied, 2006-2768, 2006-2781 (La.06/22/07), 959 So.2d 494. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. McKinney, 43,061 (La.App.2d Cir.02/13/08), 976 So.2d 802, 805.
The offense of attempted manslaughter is punishable by imprisonment for up to 20 *661 years at hard labor. La. R.S. 14:27; iLa. R.S. 14:31.
Here, the trial court did not abuse its discretion in sentencing DeBerry to 19⅛ years at hard labor for his attempted manslaughter conviction, regardless of his age. The record makes clear that the trial court specifically considered the applicable sentencing factors set forth in La. C. Cr. P. art. 894.1 and DeBerry’s youthful age. The trial court noted that DeBerry had an extensive criminal history,’ including a felony sexual assault conviction abid several other pending charges (including burglary of an inhabited | (¡building) in Texas. The trial court also pointed out that the facts of the case, including the risk ■ of death or great bodily injury caused by the defendant’s -actions, justified the sentence imposed. DeBerry benefitted greatly by accepting the state’s plea offer and pleading guilty to a reduced charge of attempted manslaughter.
The sentence imposed is not constitutionally excessive. Although DeBerry received ah almost maximum sentence for his attempted manslaughter conviction, he received a substantial benefit by accepting the plea agreement, because otherwise he faced a sentence of up to 50 years’ imprisonment for his attempted first degree murder charge. Given his criminal history and the risk of danger DeBerry-caused by his actions, the sentence imposed is not grossly disproportionate to the crirhe and does not shock the sense of justice, regardless of DeBerry’s age.
Conclusion
Considering the foregoing, the convictions and sentences of Andrew DeBerry are affirmed.
affirmed;