Judgment rendered April 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,461-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

FREDERICK D. LEE                            Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 200229

Honorable Charles Gordon Tutt, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Paula Corley Marx

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

WILLIAM C. GASKINS
CHARLES KENNETH PARR
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, McCALLUM, JJ.

**McCALLUM, J.**

Frederick Lee ("Lee") appeals his sentence for armed robbery. He argues that the sentencing judge failed to comply with La. C. Cr. P. art. 894.1. Additionally, he alleges that his sentence is unconstitutionally excessive. Lee argues that his sentence of 90 years, with the benefit of parole, is an unduly harsh and excessive sentence in light of mitigating factors in his favor. For the reasons articulated below, we agree with the trial court's sentence in term of years. However, the trial court erred in granting Lee the benefit of parole. Therefore, we must vacate the illegally lenient sentence and remand to the trial court for reconsideration.

FACTUAL AND PROCEDURAL HISTORY

It is undisputed that Lee was previously convicted of two felonies prior to his most recent conviction for armed robbery. In 1993, Lee pled guilty to possession of cocaine. In 1995, Lee pled guilty to attempted first-degree murder. Lee was charged with his most recent crime, armed robbery, in 1998.

On November 23, 1998, Lee robbed Patricia Martin ("Ms. Martin") and her friend at an apartment complex in Caddo Parish. Ms. Martin and her friend asked Lee for a ride at which point he asked if they had any money. Ms. Martin then showed him thirty dollars. Lee demanded the money and Ms. Martin refused. Lee then pulled out a handgun and put it to Ms. Martin's head. Ms. Martin still refused, at which point Lee struck her on the neck, causing her to drop the money. Lee grabbed the money and fled. Ms. Martin testified to those facts at trial and her friend corroborated the testimony. On May 12, 2000, a jury, by unanimous verdict, found Lee guilty as charged of armed robbery.

On June 2, 2000, the trial court adjudged Lee a third-felony habitual offender. Lee's prior convictions for attempted first-degree murder and his conviction for armed robbery qualified as crimes of violence. Under Louisiana law at that time, in conformity with La. R.S. 15:529.1, a life sentence was mandatory. This Court affirmed that sentence. *State v. Lee*, 35,333 (La. App. 2 Cir. 1/23/02), 807 So. 2d 359, *writ denied*, 2002-0644 (La. 1/31/03), 836 So. 2d 60.

In 2018, Lee filed a motion to correct illegal sentence. His motion was based on 2001 legislative amendments to the habitual offender sentencing law. In light of *State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18), 239 So. 3d 233, the law, as amended, was to apply retroactively. For the crimes and sentence involved in Lee's case, the amended law no longer allowed for a life sentence. The trial court granted Lee's motion and resentenced Lee in accordance with the new guidelines.[1]

Because one of Lee's previous convictions was not a crime of violence, a life sentence was no longer allowed. Under the amended guidance, the trial court could impose a sentence ranging from a minimum of two-thirds the longest term up to a maximum of two times the longest term. Therefore, Lee's new sentencing range was a minimum of 66 years up to a maximum of 198 years. The trial court sentenced Lee to 90 years with the benefit of parole but without the benefits of probation or suspension of sentence. Lee filed a motion to reconsider sentence which the trial court denied. Lee then appealed, setting the matter before us.

---

[1] We note that although a different judge granted Lee's motion and ordered the resentencing, the original trial court judge that sentenced Lee in 2000 is the same trial court judge that resentenced Lee.

DICUSSION

Lee argues that the trial court was unconstitutionally excessive in its sentencing. He alleges that the judge ignored the mitigating factors of his age and rehabilitation. We utilize a two-prong test in reviewing an alleged excessive sentence. First, we must ensure that the trial court took cognizance of and considered the criteria set forth in La. C. Cr. P. art. 894.1. Second, we must determine whether the sentence is constitutionally excessive.

The trial court is not required to list every aggravating and mitigating circumstance as long as the record indicates that it adequately considered the guidelines. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 2016-0959 (La. 5/1/17), 219 So. 3d 332. Remand is unnecessary even when full compliance with La. C. Cr. P. art. 894.1 is not met, as long as the record clearly shows an adequate factual basis for the sentence. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The articulation of that factual basis is the goal of the article, not a rigid, mechanical compliance with it.

On July 15, 2019, the trial court held the hearing to resentence Lee. The same judge that originally sentenced Lee presided over the matter, and was well familiar with Lee's history and the circumstances necessitating the resentencing. The focus of the hearing was to correct Lee's sentence in order to comply with the amended habitual offender sentencing guidelines.

The judge took into consideration Lee's sincerity. Lee stated to the court that at the time of the crime he lacked a sense of direction and that he committed mistakes. Lee asserted that he had subsequently found that

3

direction and even acquired his GED.  Lee further asserted that he was only 18 years old when he committed his first crime.

The judge considered Lee's age at the time of his first felony. However, he also noted that Lee was 20 years old when he committed his second felony and 23 years old when he committed the armed robbery.  He further noted that Lee had his probation revoked as to his first felony and had a total of ten arrests in the years after that conviction.

The trial judge had previously discussed and considered the guidelines and factors mandated by La. C. Cr. P. art. 894.1.  He found Lee in need of correctional treatment or a custodial environment.  He found that a lesser sentence would deprecate the seriousness of the offense committed.  The judge also took note of the seriousness of the underlying crime.  In commission of the armed robbery, Lee battered the victim, Ms. Martin, and threatened both her and her friend with a handgun.

The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion.  *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Duncan*, 47,697 (La. App. 2 Cir. 1/16/13), 109 So. 3d 921, *writ denied*, 2013-0324 (La. 9/13/13), 120 So. 3d 280.  The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case.  Thus, it is given broad discretion in sentencing.  *State v. Cook*, 1995-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996).

The penalty for a conviction of armed robbery is imprisonment at hard labor for 10 to 99 years, without benefit of parole, probation or suspension of sentence.  La. R.S. 14:64.  Under the amended effective provisions of La.

4

R.S. 15:529.1, a third-felony offender "shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction[.]" The sentence shall be imposed without the benefit of probation or suspension of sentence. The benefit of parole shall be determined by the sentencing provisions of the underlying offense. La. R.S. 15:529.1(G); *State v. Hopkins*, 52,660 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1226, 1230, *writ denied*, 2019-0841 (La. 9/24/19), 278 So. 3d 978. We again note that armed robbery does not allow the benefit of parole.

In consideration of the seriousness of the crime committed, we find no error in the trial court's term of years. In accordance with the law of this state and the conviction for armed robbery, as well as his previous convictions, Lee's sentencing range was 66 to 198 years, without the benefit of parole, probation or suspension of sentence. The trial court sentenced Lee less than half of the range allowed, 90 years.

The record undoubtedly shows an adequate factual basis for the sentence imposed. Lee's criminal history is one that shows an escalation to more serious crimes. Lee's previous sentences at hard labor failed to deter his criminal behavior. He is an undue risk of harm to society and likely to continue criminal behavior. We further note the serious actions and violence he committed against Ms. Martin and her friend. Therefore, we find that his sentence is not excessive and we agree with the trial court's sentencing with regard to the term of years.

However, the trial court committed an error patent. The sentencing provisions for armed robbery do not allow for the benefit of parole. The trial

5

court sentenced Lee to 90 years with the benefit of parole. Therefore, that sentence is illegally lenient.

Our jurisprudence is clear that when a trial court hands down an illegally lenient sentence, we must vacate the sentence. See *State v. Harris*, 52,663 (La. App. 2 Cir. 8/14/19), 277 So. 3d 912; *State v. Rutan*, 53,005 (La. App. 2 Cir. 11/20/19), 285 So. 3d 493. In accordance with those previous decisions, we vacate and remand for the trial court to impose a new sentence that remedies the error patent as discussed.

## CONCLUSION

The sentence of the trial court is VACATED. We REMAND to the trial court for reconsideration of a sentence consistent with this opinion.