Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,607-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

WILLIAM PATRICK RICHARDSON            Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 339,701

Honorable Donald E. Hathaway Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

JASON W. WALTMAN
REBECCA ARMAND EDWARDS
Assistant District Attorneys

* * * * *

Before MOORE, STONE, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Donald Hathaway, Jr., presiding. Defendant, William Patrick Richardson, pled guilty to second degree rape and was sentenced to 15 years at hard labor without benefits. Defendant now appeals his sentence as excessive. For the following reasons, we affirm defendant's conviction and sentence.

**FACTS**

The record in this case provides that on March 19, 2016, Richardson encountered S.W. at Lee's Bar on Kings Highway, Shreveport, Louisiana. The two were acquaintances. S.W. had a couple of glasses of wine while both were at the bar. While there, Richardson offered S.W. a Xanax, which she declined. Richardson then drove S.W. to a Waffle House. While there, S.W. went to the bathroom, and it was then that Richardson put pills in her drink. Richardson admitted that he put something in S.W.'s drink. He was captured on surveillance video placing something in her drink and repeatedly trying to get her to drink the mixture before leaving the restaurant. Richardson acknowledged that S.W. was intoxicated prior to placing pills in her drink and that she could not tell him where her home was.

Richardson then drove S.W. to his home, and upon exiting his vehicle, she vomited in driveway. Richardson took S.W. inside his home to his bedroom, where he had vaginal sexual intercourse with her. He stated that she was in and out of consciousness while he had sex with her. S.W. told police that she woke up while Richardson was having sex with her and began screaming. Richardson's roommate then contacted the police. S.W.'s

blood was tested and showed the presence of a controlled dangerous substance.

On April 18, 2016, Richardson was charged by bill of information with the second degree rape of S.W., in violation of La. R.S. 14:42.1. Richardson initially pled not guilty to the offense. On May 3, 2021, Richardson was charged by amended bill of information with the same offense. The amended bill stated that S.W. was incapable of resisting due to Richardson administering to her a controlled dangerous substance without her knowledge. Also on May 3, 2021, Richardson withdrew his not guilty plea and pled guilty as charged. The trial court informed Richardson of the rights he was forgoing by pleading guilty, and Richardson stated that he understood. The trial court did not order a presentencing investigation report.

On June 23, 2021, Richardson was brought before the trial court for sentencing. Richardson stated that he was born in Montgomery, Alabama, and his father is a retired cardiovascular surgeon. He completed three years of college studying building science, and he worked as a carpenter. Richardson testified that he had been addicted to drugs and alcohol from the age of 13. He had two overdoses before he turned 16, and he went to rehab where he got sober. He stated that he had a prior arrest due to his addiction to narcotics and he attended a Teen Challenge program in relation to that arrest.

He said that he injured his ankle when he was 21, and again "got hooked" on narcotic pain pills. Richardson stated that on the date of the offense, he had consumed Xanax and alcohol, which "makes me black out a lot of times and do things I would not normally do." Richardson stated that

2

he has not done anything like this before. Richardson expressed remorse about what he had done to S.W. and said that drug addiction had ruined his life. He stated that he hopes one day S.W. will be able to forgive him.

On cross-examination, Richardson acknowledged that his case was originally set for trial on December 2, 2019, and he failed to appear. Richardson affirmed that he remained a fugitive until he was located by a bail bondsman in St. Louis, Missouri, and returned to Caddo Parish. Richardson admitted that initially he told police that the sexual encounter between himself and S.W. was consensual. Richardson said that he did not recall that S.W. vomited as she tried to exit his car.

The state entered S.W.'s victim impact statement into the record. In it she described Richardson's assault and how disoriented and helpless she felt while it occurred. She stated that she was in and out of consciousness during the attack. She said that she endured panic attacks while Richardson was a fugitive, and she asked the trial court to hold him accountable for what he did.

The trial court then recited the facts of the case and stated:

At the time this offense was committed, the punishment was found in [La. R.S.] 14:42.1. Whoever commits the crime of second degree rape shall be imprisoned at hard labor without benefit of probation, parole, or suspension of sentence for not less than five nor more than 40 years.

The trial court informed Richardson of his right to an appeal and of his post-conviction relief time limits. The trial court stated that it considered La. C. Cr. P. art. 894.1, and found paragraphs (A)(1), (2), and (3) applicable in this case. The trial court stated that it also considered the aggravating and mitigating factors from La. C. Cr. P. art. 894.1(B), finding them "not particularly applicable to this case and didn't move the court very much."

3

The trial court stated that it was disturbed by Richardson's apparent familiarity with the administration of narcotics to the victim, and it noted that he absconded prior to pleading guilty.

Richardson was then sentenced to 15 years at hard labor without benefits. Richardson was ordered to pay court costs and a $50 fine to the indigent defender. The trial court stated that this was a sex offense, and Richardson was given written notification of the sex offender registration requirements. The following exchange then occurred:

> [DEFENSE COUNSEL]: And, Your Honor, there is something about the statute that has a minimum of two years.
>
> [THE STATE]: Well, he gave him 15 without, so –
>
> [DEFENSE COUNSEL]: The whole thing is to be without?
>
> THE COURT: Without, correct.

On July 9, 2021, Richardson filed a motion to reconsider sentence arguing his sentence was excessive and that the trial court failed to adequately consider the mitigating factors found in La. C. Cr. P. art. 894.1. The trial court denied the motion the same day. Richardson now appeals.

## DISCUSSION

Richardson's sole assignment of error is that his sentence is excessive. Richardson argues that, because his crime is a crime of violence and a sex offense, he cannot earn a good time diminution of sentence, but must serve his sentence "day for day." Richardson states that he testified before the trial court that he would not have committed his crime if he had not been under the influence of alcohol. Richardson states that his 15-year sentence is harsh and excessive as he is not the worst offender and his is not the worst offense.

4

Richardson argues that he has no prior felony convictions, some college education, and a career as a carpenter. He states that he has attended rehabilitation programs before, but has had trouble maintaining his sobriety. He maintains that his intoxication was at the root of his offense. Richardson states that he can be rehabilitated and be a contributing member of society. Richardson also states that the trial court ordered him to pay court costs and a fine to the indigent defender and it was inappropriate for the trial court to burden him with monetary obligations in addition to his 15-year sentence. He asks that his sentence be vacated and remanded for resentencing.

The state argues that Richardson's sentence is not excessive and the trial court properly considered the factors found in La. C. Cr. P. art. 894.1 as well as his personal history. The state asserts that Richardson received a sentence on the lower end of the sentencing range and his sentence is neither disproportionate to the seriousness of his offense against S.W., nor shocks the sense of justice. The state contends that the trial court has wide discretion to impose a sentence that is within statutory limits, as is the case here. The state argues that regardless of what he consumed, Richardson maintained the presence of mind to drive the victim to the Waffle House, to drug her drink while she was in the restroom, to drive S.W. to his home while she was impaired, and to rape her. The state contends that this showed that "calculated opportunism" was at the root of Richardson's offense, not intoxication.

The state argues Richardson's guilty plea and remorse came after he initially denied what he did until confronted with the video evidence of his drugging S.W. The state contends that Richardson absconded while on bond and was returned to Louisiana months later once located by a bondsman.

5

The state maintains his sentence is not excessive, and the imposition of court costs and indigent defender fee is appropriate given that no jail time was imposed in lieu of payment. The state asks this court to affirm Richardson's conviction and sentence.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La. C. Cr. P. art. 894.1(C); *State v. Parker*, 54,190 (La. App. 2 Cir. 3/9/22) 335 So. 3d 519. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Parker*, *supra*; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Parker*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Parker, supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parker*,

*supra*; *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Parker*, *supra*; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Parker*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Parker*, *supra*; *State v. Adams*, 53,055 (La. App. 2 Cir. 11/20/19), 285 So. 3d 526, *writ denied*, 20-00056 (La. 9/8/20), 301 So. 3d 15.

On the date the offense was committed, March 19, 2016, La. R.S. 14:42.1(B) provided:

> Whoever commits the crime of second degree rape shall be imprisoned at hard labor for not less than five nor more than

forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.

La. R.S. 14:42.1 was later amended to provide that the entire sentence for a violation of the statute had to be served without benefits. The trial court here initially used the incorrect law. However, defense counsel informed the trial court of the applicable law, and the court affirmed its intent to deny benefits for the entirety of Richardson's sentence.

The trial court properly considered the factors found in La. C. Cr. P. art. 894.1. The trial court discussed Richardson's age, family, medical, social, and criminal history with him and said that it was troubled by Richardson's apparent familiarity with the administration of narcotics to the victim. The trial court also observed that he fled prior to pleading guilty and was apprehended in another state. The state entered S.W.'s victim impact statement into the record, which details her fear and helplessness during the attack and the fact that she suffered panic attacks while Richardson was a fugitive.

The sentence comports with the aggravating and mitigating factors listed in La. C. Cr. P. art. 894.1, and it is not grossly disproportionate to the gravity of the offense. Richardson fails to show that the trial court abused its discretion in imposing 15-year hard labor sentence without benefits or that the trial court was wrong to deny his motion to reconsider sentence.

**DECREE**

The defendant's conviction and sentence are AFFIRMED.