Judgment rendered October 22, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,456-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                         Appellee

versus

ISAIAH MONTEZ BURNS                        Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 34,139

Honorable Walter Edward May, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By:  Annette Fuller Roach

DANIEL W. NEWELL                       Counsel for Appellee
District Attorney

CARY T. BROWN
DANIEL N. BAYS, JR.
JAMES HENRY COLVIN, JR.
PERRIN NELSON SMITH, JR.
Assistant District Attorneys

* * * * *

Before COX, ROBINSON, and ELLENDER, JJ.

**ROBINSON, J**.

On July 29, 2022, Isaiah Montez Burns ("Burns") was charged with (1) second degree murder in violation of La. R.S. 14:30.1; (2) obstruction of justice by tampering with evidence in violation of La. R.S. 14:130.1; and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. Burns pled not guilty but ultimately withdrew the not guilty plea to plead guilty to the amended charge of manslaughter with the dismissal of the evidence tampering and possession of firearm charges. He was later sentenced to 35 years at hard labor. Burns filed a motion to reconsider sentence, which was denied following a brief hearing, and a timely motion for appeal of excessive sentence, which was granted.

For the reasons set forth below, we AFFIRM the sentence AS AMENDED.

## FACTUAL BACKGROUND

Burns was arrested following an incident that occurred on July 4, 2022, that resulted in the death of Delario Jackson ("Jackson"). There had been a party at Jackson's property, and a verbal altercation took place between Jackson and Burns. After the party had ended, Jackson was alone on the property picking up trash. Burns and his acquaintances approached Jackson and Burns fired several gunshots at Jackson, striking him and causing his death. Burns fled the scene, threw away the weapon, stole two separate vehicles that evening, and was eventually apprehended by police in a wooded area. Burns was indicted for second degree murder, obstruction of justice, and possession of a firearm by a convicted felon, but accepted a plea deal of manslaughter.

## DISCUSSION

### *Error Patent Review*

During the sentencing hearing, the trial court stated that Burns was "to serve a term of imprisonment at hard labor for 35 years without benefit of probation, parole, or suspension of sentence." The minutes of court also reflect that the "Defendant shall serve thirty-five (35) years at hard labor without the benefit of parole, probation, or suspension of sentence, with credit for time served." However, later in the sentencing proceedings, the court stated that Burns was "sentenced to a term of imprisonment at hard labor for 35 years," with no reference to benefits.

La. R.S. 14:31(B) provides:

> Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim killed was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than ten years nor more than forty years.

The statute does not provide for the restriction of benefits when the victim is over the age of ten years; therefore, any restrictions of benefits by the court are improper. La. C. Cr. P. art. 882(A) provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. As such, the minutes and commitment order should be corrected to reflect that Burns' sentence does not restrict benefits.

### *Excessive Sentence*

Burns argues that the near maximum sentence imposed is constitutionally excessive, and the trial court failed to give proper consideration to Burns' youthfulness, the likelihood of his rehabilitation, and the altercation that occurred immediately before the shooting. The court

2

referenced the aggravating and mitigating factors set forth in La. C. Cr. P. art. 894.1, however, the court did not find any mitigating factors.

Appellate courts employ a two-prong test when reviewing an excessive sentence claim: (1) the trial record must demonstrate that the trial court complied with the guidelines in La. C. Cr. P. art. 894.1 (list of sentencing factors); and (2) the appellate court must determine if the sentence is constitutionally excessive. *State v. Davis*, 56,118 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1086, *writ denied*, 25-00332 (La. 4/29/25), 407 So. 3d 624; *State v. Sanders*, 54,261 (La. App. 2 Cir. 3/9/22), 335 So. 3d 527; *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074; *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052.

Articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Duncan*, 53,194 (La. App. 2 Cir. 1/15/20), 290 So. 3d 251. Important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Shipp*, 30,562 (La. App. 2 Cir. 4/8/98), 712 So. 2d 230. If the record supports the sentence imposed, the appellate court shall not set aside a sentence for excessiveness. *Id*. There is no requirement that specific matters be given particular weight at sentencing. *DeBerry*,

*supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Kennon*, 19-0998 (La. 9/9/20), 340 So. 3d 881; *State v. Johnson*, 97-1906 (La. 3/4/98), 706 So. 2d 672; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764.

A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *DeBerry*, *supra*; *State v. Modisette*, 50,846 (La. App. 2 Cir. 9/28/16), 207 So. 3d 1108. As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Gibson*, 54,400 (La. App. 2 Cir. 5/25/22), 338 So. 3d 1260, *writ denied*, 22-00978 (La. 3/7/23), 356 So. 3d 1053.

Trial courts have wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116; *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the

trial court abused its discretion.  *Bell*, *supra*; *State v. Burns*, 53,920 (La. App. 2 Cir. 6/30/21), 332 So. 3d 928.

The trial court was impressively thorough in its articulation of the aggravating and mitigating factors enumerated in La. C.C. art. 894.1, leaving no doubt as to its proper consideration thereof.  The trial court chose to sentence Burns to less than the maximum allowed, even though he had already received the benefit of the reduced and dismissed charges.

Further, Burns' sentence is well supported by the record.  Burns was relatively young, but he already had a criminal record.  The trial court referenced that Burns lacked remorse for the victim, who had multiple letters written on his behalf by family, friends, and community members.  Although there appears to have been some provocation by the victim, Burns, who was a convicted felon illegally in possession of a firearm, intentionally, violently, and excessively retaliated against merely a verbal altercation earlier in the evening by firing multiple shots towards Jackson at Jackson's own home. He showed a complete disregard for human life.  Burns' crimes continued when he fled the scene, disposing of the firearm and stealing two vehicles, before being apprehended by police in the woods.  The trial court's imposition of the sentence was not shocking to the sense of justice nor a needless infliction of pain and suffering, and it was not an abuse of its discretion.  Accordingly, Burns' sentence of 35 years at hard labor is not constitutionally excessive.

## CONCLUSION

For the reasons stated hereinabove, Burns' sentence of 35 years at hard labor is hereby AFFIRMED but AMENDED to remove any restriction of benefits.