Judgment rendered December 10, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,723-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                         Appellee

versus

CRISTIAN JOSE VARGAS                       Appellant
BORBON

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,314-A

Honorable Alexandra Aiello Stahl, Judge

* * * * *

LOUISIANA APPEALS AND                      Counsel for Appellant
WRIT SERVICE
By: Michael Mitchell
    Remy Starns
    Annette Fuller Roach

J. SCHUYLER MARVIN                          Counsel for Appellee
District Attorney

RICHARD R. RAY
J. CHANCELLOR NERREN
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and THOMPSON, JJ.

**THOMPSON, J.**

Cristian Jose Vargas Borbon appeals his conviction for indecent behavior with a juvenile, victim under the age of 13, and corresponding sentence of 12 years at hard labor, with two years without the possibility of parole, probation, or suspension of sentence. The victim was the underage grandchild of his wife, and the testimony at trial established that the victim was abused while staying at his father's trailer home next door to Borbon. Borbon argues that the State failed to present sufficient evidence to support the jury's unanimous guilty verdict. For the reasons provided in greater detail below, Borbon's conviction of indecent behavior with a juvenile, victim under age 13, and his 12-year sentence are affirmed.

### FACTS AND PROCEDURAL HISTORY

On July 11, 2022, Cristian Jose Vargas Borbon ("Borbon") was charged with committing indecent behavior with a juvenile, J.G., a victim under the age of 13 (DOB: 7/5/2012), in violation of La. R.S. 14:81(A) and (H)(2). On the same date, Borbon was also charged with first degree rape of A.G., a victim under the age of 13 (DOB: 4/6/2010), during the period of April 6, 2021, to April 6, 2022, in violation of La. R.S. 14:42(A)(4), which matter is addressed in a separate opinion. The two minor victims are siblings. The siblings' cases were tried jointly, and trial commenced on July 9, 2024. The following testimony and evidence regarding the victim J.G. was introduced at trial:

The children's biological mother testified that on Mothers' Day in May of 2022, the investigation resulting in the charges being filed against Borbon began when her son, J.G., disclosed to her that his paternal step-grandfather had touched him over his clothes on his private part. The

mother testified that she told J.G. to report what happened to his school guidance counselor, so she could help the family contact and report the incident to the police. The mother testified that the family of the children's father did not like her, and there had been prior incidents in which the family accused her of being a liar. Therefore, she did not call the police herself and instead advised J.G. to report the incident to the school guidance counselor to involve the police. She testified that J.G. did report the incident to the school guidance counselor, which is how the police became involved.

Detective Kaycee Richards with the Bossier City Police Department testified at trial that she is assigned to the juvenile division as a detective, which is a position she held for approximately eight years at the time of trial. Det. Richards testified she had handled hundreds of juvenile sexual assault investigations. Det. Richards testified that she was dispatched to J.G.'s elementary school, where he reported the allegations against Borbon to his school counselor. During her investigation of J.G.'s allegations, J.G.'s sister, A.G., disclosed sexual abuse by Borbon to her family, as discussed in greater detail in the corresponding opinion for that separate conviction. Det. Richards testified that in her experience, delayed disclosure is common in cases of sexual assault against a minor victim.

Det. Richards testified that forensic interviews for both children took place at the Gingerbread House Child Advocacy Center ("Gingerbread House") in Shreveport, and that she attended both interviews. On May 12, 2022, J.G. attended a forensic interview at the Gingerbread House with forensic interviewer Lacie Hadley. Hadley testified at trial regarding her interview with J.G. Hadley testified that J.G. was up front, very matter-of-

fact, and stated what had occurred without hesitation. Hadley testified that J.G. clearly disclosed that Borbon touched his private part over his clothing.

J.G.'s recorded interview was played for the jury at trial. During the interview, J.G. stated that on Mother's Day, Borbon acted like he was hugging him, but instead, Borbon was rubbing J.G.'s private part through the outside of his clothing. J.G. stated this was not the only time he had been inappropriately touched by Borbon. J.G. stated that at bedtime, Borbon would lie on the bed and hug him and touch his private parts on top of his clothing.

J.G. testified at trial that he was nine years old when he spoke with the forensic interviewer at the Gingerbread House and testified that what he said during the interview was the truth. J.G. stated that he rotated between his mother's house and father's house for years, switching every few days. J.G. testified that since he was six years old, he shared a room and slept in the same bed with his sister, A.G.

Teresa Perez testified at trial; she dated A.G.'s father for over two years and lived in his trailer home from September 2020 through February 2022. Perez testified that you could hear everything in the home. Perez testified that children went to bed very late on the weekends when she was there. Perez denied that she ever heard Borbon come into the house at night during the time she lived in the home, and she had never heard anything inappropriate between Borbon and either child.

Borbon, who is originally from Costa Rica, testified through a translator in his own defense. Borbon testified that he was 52 years old and had lived in the United States for approximately 32 years. Borbon denied the allegations against him. Borbon testified he was not A.G. or J.G.'s

3

biological grandfather and was related to the children through marriage to his wife, their grandmother. Borbon explained that his bedroom window faced the children's window next door, and he and his wife could see when the children were still awake. Borbon explained that he told the children to turn off electronics next door and go to bed numerous times. Borbon explained he would sometimes threaten to come over and sleep with them so they would go to bed. Borbon testified he and his wife had been involved in disciplining the children since they were babies. Borbon testified that when he did go over to ensure the children were asleep, his wife went with him.

Borbon testified that he understood that J.G. alleged he had touched him on his private part. Borbon testified that he had assisted J.G. in giving his mother a gift for Mother's Day. Borbon testified that J.G. came over to his house looking for the gift; he located the gift while J.G. waited in the living room while his wife was in the kitchen nearby. Borbon denied being alone with J.G. and denied touching him inappropriately on that date. Borbon also denied ever touching J.G. inappropriately at bedtime, as J.G. had alleged during his forensic interview.

The jury trial concluded on July 11, 2024. The jury returned verdicts of guilty as charged of indecent behavior with a juvenile, victim under 13 (J.G.), as well as guilty in the companion case of first degree rape, victim under 13 (A.G.).

On December 10, 2024, Borbon was sentenced to 12 years at hard labor, with two years without benefits of probation, parole, or suspension of sentence in relation to his indecent behavior with a juvenile charge for J.G. This sentence was ordered to be served consecutively with the sentence of life imprisonment at hard labor without benefit of probation, parole, or

4

suspension of sentence for the first degree rape of A.G. The Louisiana Appellate Project was appointed to represent Borbon, and this appeal followed.

## DISCUSSION

Borbon alleges two assignments of error:

**Assignment of Error No. 1: When viewed under the *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) standard, the evidence was insufficient to prove beyond a reasonable doubt that Cristian Borbon committed the offense of indecent behavior with a juvenile of J.G., a child under the age of 13.**

Borbon argues that the information provided at trial was insufficient for the jury to determine if there was an intentional touching of J.G.'s genital area, and more specifically, whether the touching was a lewd and lascivious act that was done for the purpose of arousing or satisfying the sexual desires of either J.G. or Borbon.

Borbon asserts that J.G. did not describe any encounter with Borbon in his trial testimony. Instead, J.G. relied on prior statements to his mother and his forensic interview regarding the alleged inappropriate touching. J.G.'s mother, E.H., testified that when J.G. told her what occurred, she instructed J.G. to tell the school counselor if he was telling the truth. Additionally, during his forensic interview and at trial, J.G. did not mention any inappropriate comments made by Borbon toward him at the time of the alleged touching. J.G. also failed to describe the groping or inappropriate actions in any detail, including how long it lasted and what Borbon's demeanor was at the time. Borbon argues that J.G.'s limited description was insufficient to support his conviction of indecent behavior with a juvenile.

In response to this assignment of error, the State asserts that the evidence against Borbon was provided by the child himself, J.G., through his

5

own testimony during his forensic interview. Additionally, J.G. included in his disclosure to the forensic interviewer that Mother's Day 2022 was not the first time Borbon had inappropriately touched his private parts. J.G. provided that similar activity had been ongoing since he was seven years old. The state concludes that considering the unanimous verdict of the jury, it is reasonable to conclude that the jury found the child as well as other witnesses for the state credible, and that the elements of the crime were satisfied.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *Steines, supra.*

The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *Steines, supra*. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *Steines, supra.*

It is the province of the fact finder to resolve conflicting inferences from the evidence. In the absence of internal contradiction or irreconcilable

6

conflict with physical evidence, the testimony of one witness – if believed by the trier of fact – is sufficient to support the requisite factual conclusion. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence. This is equally applicable to the testimony of sexual assault victims. *State v. Brooks*, 52,249 (La. App. 2 Cir. 9/26/18), 256 So. 3d 524; *Steines, supra.*

La. R.S. 14:81 provides, in pertinent part :

A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:

(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense.

We find there was sufficient evidence presented at trial to convict Borbon of indecent behavior with a juvenile, victim under 13. During his forensic interview, J.G. clearly and unequivocally stated that Borbon touched and rubbed his private part over his clothing. J.G. told his mother the same version of the events immediately after the incident occurred. J.G.'s testimony alone satisfies the elements of indecent behavior with a juvenile under La. R.S. 14:81(A)(1) and sufficiently proves Borbon's guilt beyond a reasonable doubt. Additionally, J.G.'s testimony at trial and his forensic interview did not contain internal contradictions. Hadley, the forensic interviewer, noted that J.G. stated what happened to him in a very matter-of-fact way, and he described the incident without hesitation. Finally, his sibling's extremely detailed testimony about the abuse she endured from Borbon further supports J.G.'s allegations that Borbon had committed indecent behavior with a juvenile against him.

7

There is no evidence contained in the record that the jury's credibility determination should be disturbed by this Court. The evidence was sufficient to prove the elements of the offense of indecent behavior with a juvenile, beyond a reasonable doubt. Therefore, Borbon's first assignment of error is without merit.

**Assignment of Error No. 2:  The twelve-year hard labor sentence with the first two years to be served without benefit of probation, parole, or suspension of sentence violates the Eighth Amendment of the Constitution of the United States and La. Const. Art. 1 § 20, as it is nothing more than cruel and unusual punishment and thus, excessive. Neither Borbon's personal history nor the facts of the case support the sentence imposed by the court.**

Borbon notes that counsel did not file a motion to reconsider sentence following the imposition of the sentence but did object to the sentence on the record at the time it was imposed. Borbon argues that the oral objection is sufficient to preserve the excessiveness of a sentence issue for appellate review.

Borbon argues that he is innocent, and stated that if he had committed these crimes, he would have fled. Borbon also alleged at his sentencing that the mother of the children was behind the false allegations against him. Borbon notes that the trial court acknowledged he had no prior criminal history and was employed as a painter. Borbon acknowledges the court noted that because Borbon continued to assert his innocence, he was not remorseful. The trial court also noted that Borbon used his position of authority over the children to facilitate the crime.

Borbon further argues that the facts of this case fall on the least egregious end of the scale for this offense. Borbon argues that considering the limited facts presented in the case, his personal and criminal history, a

8

mid-range sentence was excessive, and a lesser sentence would sufficiently satisfy the goal of punishment.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d. The important elements that should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry, supra.*

We note that the sentencing range for Borbon's offense was not less than two nor more than 25 years, with at least two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. The 12-year sentence imposed is within the sentencing range for the charge and amounts to less than half the maximum jail time, and the two years of jail time was the minimum amount of time without benefit of probation, parole, or suspension of sentence. The record shows that the trial court adequately considered the character letters submitted on Borbon's behalf and noted he had no prior criminal history. We find that the trial court properly considered all of the relevant sentencing factors contained in La. C. C. P. art. 894.1. Borbon's mid-range sentence for indecent behavior with a juvenile,

victim under age 13, is not constitutionally excessive and is appropriate in this case.  Therefore, Borbon's second assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, Borbon's conviction for indecent behavior with a juvenile, a victim under age 13, and his sentence of 12 years at hard labor, with two years of the sentence imposed without benefit of probation, parole, or suspension of sentence, are affirmed.

**AFFIRMED.**